**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4734**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

REGINALD LASHAWN LOCKHART,

               Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:12-cr-00359-RJC-1)

Submitted: March 31, 2015          Decided: April 7, 2015

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Lashawn Lockhart pled guilty to unlawfully possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012). Based on his 2002 convictions for multiple armed robberies and assaults, the district court sentenced Lockhart under the Armed Career Criminal Act ("ACCA") and imposed 180 months of imprisonment, the statutory minimum pursuant to § 924(e). On appeal, Lockhart challenges the constitutionality of the ACCA as applied to him. We affirm.

"We generally review a defendant's challenge to the constitutionality of a statute de novo." United States v. Hager, 721 F.3d 167, 182 (4th Cir. 2013), cert. denied, 134 S. Ct. 1936 (2014). "However, when the issue is not presented to the district court, . . . then we review for plain error." Id.

We conclude that three of Lockhart's arguments were not raised in the district court and, thus, are reviewable only for plain error. Id.; see United States v. Lynn, 592 F.3d 572, 579 n.4 (4th Cir. 2010). First, Lockhart argues that the ACCA's objective — incapacitating offenders until the age at which their criminal careers normally end — could be achieved in his case without application of the ACCA's 15-year mandatory minimum. Second, he contends that his ACCA sentence is disproportionate to his underlying crime because he was never afforded the intervening periods of incarceration between his

2

predicate convictions, which, he claims, are necessary to make imposition of a recidivist statute, like the ACCA, fair. Third, Lockhart claims that, pursuant to the Second Amendment and the affirmative defense of justification, he had a legitimate right to possess the firearm in certain circumstances and that the ACCA impeded that right.

To establish plain error, Lockhart must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013); United States v. Price, 777 F.3d 700, 711 (4th Cir. 2015). Even if Lockhart makes the required showing, correction of the error lies within our discretion, which we exercise only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Henderson, 133 S. Ct. at 1126-27 (internal alterations, citations, and quotation marks omitted).

"To be plain, an error must be clear or obvious," such as when "the settled law of the Supreme Court or this circuit establishes that an error has occurred." United States v. Ramirez-Castillo, 748 F.3d 205, 215 (4th Cir. 2014) (internal quotation marks omitted). Because Lockhart has pointed to no decision from this court or the Supreme Court concluding that the ACCA is unconstitutional when applied to circumstances, or challenged by arguments, such as his, he has not demonstrated

3

that the district court's application of the ACCA was clear or obvious error. Thus, Lockhart has not met his burden to demonstrate plain error.

Only one of Lockhart's claims was properly presented to the court below, and we review it de novo. Hager, 721 F.3d at 182. Lockhart argues that the ACCA, when applied to a defendant who, like him, served no intervening sentence between predicate convictions, is overinclusive because it incapacitates offenders who are not career criminals, as traditionally defined in other recidivist statutes. To the extent Lockhart believes the ACCA must withstand heightened or intermediate scrutiny, that belief is erroneous. United States v. Inglesi, 988 F.2d 500, 503 (4th Cir. 1993) (citing Chapman v. United States, 500 U.S. 453, 464-65 (1991)). When reviewing challenges of this nature to the ACCA's classification scheme, we inquire whether the "statute makes an irrational classification, unrelated to a valid government purpose." United States v. Presley, 52 F.3d 64, 68 (4th Cir. 1995). We conclude that the ACCA's inclusion of repeat offenders — such as Lockhart — whose predicate convictions are not separated by intervening periods of incarceration in its classification of armed career criminals is neither irrational nor unrelated to a valid government purpose. See id.; cf. Rummel v. Estelle, 445 U.S. 263, 284-85 (1980).

4

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>